**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFFREY P. LITTLE**
Power, Little, Little & Little
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 08 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN C. KINCADE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1207-CR-583 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley E. Pearson, Judge
Cause No. 12C01-1111-FC-276

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John C. Kincade, Jr. ("Kincade") pleaded guilty to one count of sexual misconduct with a minor[1] as a Class C felony and one count of child solicitation[2] as a Class D felony. Kincade appeals from the trial court's sentencing order for those convictions, contending that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

### FACTS AND PROCEDURAL HISTORY

The factual background supporting Kincade's guilty plea establishes that on October 8, 2011, Kincade solicited fifteen-year-old A.H. to engage in fondling and arousing with the intent to arouse his or A.H.'s sexual desires and that he also touched A.H. with the intent to arouse or gratify his or A.H.'s sexual desires. Kincade was thirty years old at the time.

More specifically, when A.H. stayed overnight with Kincade's niece, Kincade spent the evening with the two taking them out to eat, taking them bowling, and then watching a movie with them in his bedroom. Kincade was supervising the children on behalf of his sister. A.H. told investigators that the touching occurred on the morning of the sleepover when Kincade texted her and asked her to come to his bedroom. When A.H. complied, Kincade started kissing her, put his hand down her pants and inside her underwear, and put a hand under her bra, touching her genitals and breasts. A.H. told law enforcement officers that Kincade tried to put her hand down his pants, but that she was

---

[1] *See* Ind. Code § 35-42-4-9.

[2] *See* Ind. Code § 35-42-4-6.

able to move her hand away.

After initially denying the allegations against him, Kincade submitted to a polygraph examination. Kincade failed the polygraph examination and then admitted that he had "sexted" and flirted with A.H. He further claimed that it was A.H. who kissed him and that he returned the kiss. Ultimately, he admitted to rubbing A.H.'s bare genitals and breasts. Copies of the text messages were attached to the law enforcement report prepared in the course of the investigation, and the texts included references to Kincade "play[ing] with his penis" and stating he had "something [A.H.] can play with." *Appellee's App*. at 25-26.

After Kincade's confession, his guilty plea, and letter of apology written to both his sister and A.H., Kincade's version of the events given for purposes of the pre-sentence investigation report, differed significantly. In his later statements, he claimed that he was never alone with or touched A.H. and that she was making up the story because he refused her advances.

The trial court sentenced Kincade to a sentence of seven years, for his conviction of sexual misconduct with a minor, and a sentence of three years, for his conviction of child solicitation, to be served concurrently. The trial court ordered three years of the sentence to be served in the Indiana Department of Correction and the remaining four years suspended to probation. Kincade now appeals.

**DISCUSSION AND DECISION**

Kincade argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Article VII, Sections 4 and 6 of the Indiana

3

Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id*. (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). Furthermore, our review under Appellate Rule 7(B) focuses on whether the sentence imposed is inappropriate, rather than whether another sentence is more appropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

Assuming without deciding that the nature of Kincade's offense was not extraordinary, we conclude that Kincade's sentence is not inappropriate in light of his character. The portion of Kincade's sentence which was ordered to be served in the Indiana Department of Correction, three years, is less than the advisory sentence for a Class C felony. *See* Ind. Code § 35-50-2-6 (Class C felony advisory sentence is four years). Kincade was released on bond for another offense when he committed these offenses. Furthermore, Kincade failed to take responsibility for the crimes to which he pleaded guilty as reflected by his version of the events set forth in the pre-sentence investigation report. Kincade moved from his address in Rossville, Indiana without permission of the court or his probation officer, to an address in Portage, Indiana. The trial court also noted that Kincade's Adult Sex Offender Risk Assessment placed him at moderate risk to reoffend, and Kincade was not entirely cooperative with the evaluator.

The trial court further observed that Kincade had little motivation to find employment or gain job skills, admittedly preferring instead to play video games approximately forty hours per week. In sum, Kincade has failed to meet his burden of establishing that his sentence is inappropriate in light of his character; thus, we affirm the trial court.

Affirmed.

VAIDIK, J., and PYLE, J., concur.